In the Matter of EDWARD A. DEHLERICH, an Incompetent Person.

Supreme Court, Special Term, Nassau County, June 20, 1947.

*Sidney Zimet* for committee.

*William Sadoff* for objectors.

PETER P. SMITH, Official Referee. Edward A. Dehlerich was adjudged incompetent and on June 20, 1930, Eugene Sherk was appointed committee of the person and property of the said Dehlerich under bond of $2,000. The key to the incompetent's safe deposit box was in the possession of his sister and it was not until May 25, 1931, that the committee obtained possession of the assets of the estate consisting of foreign bonds of a face value of about $40,000. Some of these securities were in Mexican and South American issues, others were European issues. In the annual accounts filed by the committee these assets were fully disclosed and on recommendation by the referee appointed by the Appellate Division to examine committee's accounts the bond of the committee was increased to $35,000 in 1933. The committee continued to hold practically all these securities until the death of the incompetent in 1945 when they were turned over to the administrator of the estate of the incompetent.

The committee has filed his final account. There is no objection to the account except that a surcharge is requested by reason of claimed misfeasance in the management of the investments. It is stipulated that no charge of dishonesty or malfeasance is made. The objectors' claim is simply that the committee should be surcharged for the loss sustained by the estate by reason of the alleged careless and imprudent management of the property of the incompetent.

Objectors also oppose the committee's request for an extra allowance and for counsel fee to the attorney upon the accounting.

It is important to note that the committee did not invest in the securities under attack. These were purchased by the incompetent prior to his adjudication. Objectors concede that there is a distinction but maintain, nevertheless, that the committee should have disposed of these "non-legal" securities within eighteen months after obtaining possession thereof. There is no single case submitted by either side precisely in point. The correct rule would seem to be, however, that a committee taking over investments purchased by the incompetent before adjudication, which investments are or become "non-legal", is not required to immediately dispose of the same or even to dispose of them within any specific period. He is, however, required to exercise due care and prudence in the retention or disposition of the investments, that is, the care

and vigilance that a reasonably prudent investor would exercise.

The testimony indicates that the committee did in fact exercise some measure of caution in the management of the investments. He made inquiries from various experts and while his concern seems to have been directed more to the question of income than to principal, it cannot be said as a matter of law, that he was so remiss in his duty as would justify a surcharge. The burden of proof is, of course, upon the objectors to show misfeasance by the committee.

The objectors find no fault with the committee's management of the Mexican and South American securities. Had the committee disposed of these securities shortly after his appointment, he would have received a very low price therefor. It must be borne in mind that 1932–1933 were the years of very severe depression in the United States and throughout the world. The course followed by the committee in the handling of these investments was to wait for an improvement in world conditions and for the possible recovery of the incompetent. Later events indicate that, while economic conditions improved until 1939, the beginning of World War II made it impossible to dispose of most of the securities complained of and that shortly thereafter their sale or negotiation was prohibited. Hindsight indicates that it would have been better business practice to have sold the European bonds in 1935 or thereabouts and to retain the South American and Mexican bonds, but the committee cannot be charged therewith.

On the question of extra allowance it would seem that the committee has done little here other than that which is required of every committee and no such allowance will be recommended.

On the question of counsel fee to the committee's attorney, a reasonable fee to his attorney, to be fixed by the court at Special Term, should be allowed for services in the accounting proceeding even though the committee is himself an attorney. Services of outside counsel were fully warranted under the circumstances here disclosed.

Settle report on notice.